DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
TAYLOR DAVIES-MAHAFFEY, ESQ. (SBN 327673)
tdavies-mahaffey@mastagni.com
AMANDA R. MCCARTHY, ESQ. (SBN 354058)
amccarthy@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone:   (916) 446-4692
Facsimile:   (916) 447-4614

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DOYLE, BRIAN DUFFY, JASON ELIZONDO, MARK FLEMING, CASEY LEWIS, KYLE NEWTON, JOE ROSA, RAYMOND RUSSELL, DEREK STEIDLEY, AND DAVID VASQUEZ, on behalf of themselves and all similarly situated individuals,<br><br>          Plaintiffs,<br>   v.<br><br>COUNTY OF TULARE,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT FOR: Violations of the Fair Labor Standards Act**<br><br>**COLLECTIVE ACTION-29 U.S.A. § 201** *et seq.* |

### I.   INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, *et seq*., to recover from Defendant COUNTY OF TULARE (hereinafter "Defendant" or "County") unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney's fees.

2. This action arises from Defendant's failure to properly compensate Plaintiffs RICHARD DOYLE, BRYAN DUFFY, JASON ELIZONDO, MARK FLEMING, CASEY LEWIS, KYLE NEWTON, JOE ROSA, RAYMOND RUSSELL, DEREK STEIDLEY, and DAVID VASQUEZ (hereinafter "Plaintiffs"), at the rate of time and one-half the

1 "regular rate" of pay for overtime hours worked under the FLSA.

## II.   PARTIES

3. Plaintiffs are currently employed by Defendant as Fire Battalion Chiefs with the Tulare County Fire Department. Plaintiffs are "employees" within the meaning of 29 U.S.C. section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

4. Defendant is a political subdivision of the State of California and, at all relevant times hereto, employed Plaintiffs. Defendant is an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x).

## III.   JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 because the claims alleged herein arise under the FLSA. *See* 29 U.S.C. §§ 201, *et seq*.

6. Venue lies within this District pursuant to 28 U.S.C. section 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and the unpaid wages sought in this Complaint were earned in this District.

## IV.   COLLECTIVE ACTION ALLEGATIONS

7. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were employed as Battalion Chiefs in Defendant's Fire Department at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

8. Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiffs have executed and hereby file with the Court their consent in writing to become a party Plaintiff in this action (Exhibit A). When other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

///

///

## V.     FACTUAL ALLEGATIONS

9. Plaintiffs and all similarly situated individuals are or were nonexempt employees of Defendant during the three years preceding the filing of this action.

10. Plaintiffs are first responders. Plaintiffs are required to respond to all calls for service that satisfy criteria established by Defendant that are received by their unit. Plaintiffs have no discretion to refuse to respond to such a call.

11. Plaintiffs must respond to calls for service with firefighting gear and equipment. Plaintiffs are all certified fire fighters.

12. Plaintiffs are required to participate in emergency response training and meet the physical standards requirements of fire fighters.

13. Plaintiffs have no authority to administer discipline and do not write policies.

14. Plaintiffs do not set budgets, hire or fire employees, set pay, or set minimum staffing levels.

15. All of Plaintiffs' duties are undertaken in conjunction with, or directly related to their firefighting duties.

16. Plaintiffs are employees engaged in fire protection activities as that phrase is defined in 29 U.S.C. section 203(y) and described in 29 C.F.R. section 541.3.

17. Under the FLSA, Plaintiffs are entitled to overtime compensation for all hours worked in excess of 40 in a 7-day workweek.

18. Plaintiffs are unrepresented employees who are not subject to a memorandum of understanding or a declaration of the Board of Supervisors establishing an alternative work period under the partial overtime exemption set forth in 29 U.S.C. section 207(k).

19. Plaintiffs are regularly scheduled to work 192 hours every 24-days, consisting of 4 shifts, each of 48 hours.

20. In addition, Plaintiffs often work additional shifts outside their normal schedule to fill vacancies or otherwise meet the needs of the department.

21. Plaintiffs occasionally work out of County as a part of interagency statewide strike teams facilitated by the California Governor's Office of Emergency Services. Plaintiffs are paid

overtime for work performed on strike teams.

22. Defendant has failed to pay Plaintiffs overtime for any non-strike team work performed as a battalion chief during the 3 years preceding the commencement of this Action.

23. Defendant has failed to pay Plaintiffs any overtime for any non-strike team work performed in excess of 40 hours in 7-days during the 3 years preceding the commencement of this Action.

24. Defendant has failed to pay Plaintiffs any overtime for any non-strike team work performed in excess of their regular shifts consisting of 192 hours scheduled every 24 days during the three 3 years preceding the commencement of this Action.

25. Defendant has failed to pay Plaintiffs any overtime for performing their regularly scheduled hours of work that exceed the FLSA overtime thresholds during the 3 years preceding the commencement of this Action.

26. Instead, Defendant pays Plaintiffs a bi-weekly salary based on 112 "units." If Plaintiffs work extra shifts outside their normal schedule, they are paid a "stipend" rather than overtime.  For extra shifts of work less than 6 hours, they receive no stipend or $0; for extra shifts of work of at least 6 hours but less than 12 hours, they receive a $450 stipend; for shifts of 12 hours or more, they receive a $900 stipend.

27. Despite the nonexempt nature of Plaintiffs' duties, Defendant classified them as exempt from the overtime provisions of the FLSA. Defendant did so based on job title and salary, ignoring the actual duties of Plaintiffs' employment of which it was well aware.

28. Plaintiffs questioned their misclassification around January of 2021. After about a year of discussions, Defendant agreed to increase Plaintiffs' overtime stipend, but failed to address Plaintiffs' larger concerns about their exempt status.

29. Defendant had knowledge of the hours Plaintiffs were working through its supervision of Plaintiffs by its Division Chiefs and the Fire Chief.

30. Defendant knew that the FLSA was applicable to its employees and did so for the three years preceding the filing of the Complaint. Defendant paid overtime wages to its employees who worked more than 182 hours per work cycle and whom it had not

misclassified.

31. Defendant knew or showed reckless disregard as to whether it was violating the FLSA in its classification of Plaintiffs. Defendant knew that case law required overtime pay for first responders with duties similar to Plaintiffs. Furthermore, Defendant undertook a review of Plaintiffs' duties but disregarded the factual results and maintained the erroneous classification of Plaintiffs as exempt.

## VI.   FIRST COUNT

**(Fair Labor Standards Act – Failure to Pay All Overtime Compensation Earned)**

32. Plaintiffs incorporate by reference paragraphs 1 through 31, inclusive, as though set forth herein.

33. Defendant required, suffered, or permitted Plaintiffs and all similarly situated individuals to work overtime, but failed to properly compensate Plaintiffs and similarly situated individuals at time and one-half the "regular rate" of pay for all overtime hours worked.

34. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

35. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligation to pay Plaintiffs and other similarly situated individuals for all overtime hours worked at one and one-half times the "regular rate" of pay as required by the FLSA.

36. At all times relevant hereto, Defendant and its agents and representatives knew, or should have known, of their obligation to pay Plaintiffs and other similarly situated individuals overtime compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable thresholds established by section 207 of the FLSA.

37. At all times relevant hereto, Defendant's failure to compensate Plaintiffs and other similarly situated individuals for all overtime hours worked was not in good faith, and was a willful violation of the FLSA.

38. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiffs seek damages for three (3) years of unpaid overtime compensation that was earned but not

paid, as well as an equal amount in liquidated damages.

39. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## VII. PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

40. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all other similarly situated individuals pursuant to 29 U.S.C. section 216(b);

41. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, therefore entitling Plaintiffs and all other similarly situated individuals to recover damages under a three (3) year statute of limitations;

42. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

43. For costs incurred as a result of this proceeding:

44. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to pay Battalion Chiefs overtime at the regular rate of pay for all hours worked;

45. For a determination that Plaintiffs and all other similarly situated individuals are nonexempt employees entitled to overtime compensation pursuant to 29 U.S.C. section 207;

46. For such other and further relief as the court deems just and proper.

Date: August 12, 2024                        Respectfully submitted,

**MASTAGNI HOLSTEDT, A.P.C.**

By:     /s/ David E. Mastagni
        DAVID E. MASTAGNI
        TAYLOR DAVIES-MAHAFFEY
        AMANDA R. MCCARTHY
        Attorneys for Plaintiffs