Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
Michael D. Youril, Bar No. 285591
myouril@lcwlegal.com
Anthony Co, Bar No. 348355
aco@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendant COUNTY OF TULARE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DOYLE, BRIAN DUFFY, JASON ELIZONDO, MARK FLEMING, CASEY LEWIS, KYLE NEWTON, JOE ROSA, RAYMOND RUSSELL, DEREK STEIDLEY, AND DAVID VASQUEZ, on behalf of themselves and all similarly situated individuals,,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TULARE,<br><br>Defendant. | Case No.: 1:24-CV-00936-JLT-SKO<br><br>Complaint Filed: August 19, 2024<br><br>**DEFENDANT COUNTY OF TULARE'S ANSWER TO PLAINTIFFS' COMPLAINT** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendant County of Tulare ("Defendant") hereby appears and answers the Complaint for Violations of the Fair Labor Standards Act of Richard Doyle, *et al.* on file herein, for itself and no other Defendant as follows:

///

///

///

1

## I. INTRODUCTION

1. In answer to Paragraph 1 of the Complaint, Paragraph 1 is entirely legal argument and/or statement of law and Defendant is not required to answer Paragraph 1. To the extent that any facts are alleged in Paragraph 1, Defendant denies, generally and specifically, all such facts.

2. In answer to Paragraph 2 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 2.

## II. PARTIES

3. In answer to Paragraph 3 of the Complaint, Defendant admits that Plaintiffs Richard Doyle, Bryan Duffy, Jason Elizondo, Mark Fleming, Casey Lewis, Kyle Newton, Joe Rosa, Raymond Russell, Derek Steidley, and David Vasquez are employed by Defendant. The remaining allegations in Paragraph 3 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 3 contains other factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 3.

4. In answer to Paragraph 4 of the Complaint, Defendant admits that it is a political subdivision of the State of California and a public agency. The remaining allegations in Paragraph 4 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 4 contains other factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 4.

## III. JURISDICTION AND VENUE

5. In answer to Paragraph 5 of the Complaint, Defendant admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331.

6. In answer to Paragraph 6 of the Complaint, Defendant admits that the United States District Court for the Eastern District of California is the proper venue for this action.

## IV. COLLECTION ACTION ALLEGATIONS

7. In answer to Paragraph 7 of the Complaint, Plaintiffs Richard Doyle, Bryan Duffy, Jason Elizondo, Mark Fleming, Casey Lewis, Kyle Newton, Joe Rosa, Raymond Russell, Derek Steidley, and David Vasquez were employed as Battalion Chiefs. Except as expressly admitted or denied herein, Defendant lacks sufficient knowledge to form a belief as to the truth of the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

allegations and on that basis denies each and every allegation contained in Paragraph 7.

8.   In answer to Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis, denies each and every allegation contained in Paragraph 8.

### V. FACTUAL ALLEGATIONS

9.   In answer to Paragraph 9 of the Complaint, the allegations in Paragraph 9 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 9 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 9.

10.   In answer to Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis, denies each and every allegation contained in Paragraph 10.

11.   In answer to Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis, denies each and every allegation contained in Paragraph 11.

12.   In answer to Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis, denies each and every allegation contained in Paragraph 12.

13.   In answer to Paragraph 13, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis, denies each and every allegation contained in Paragraph 13.

14.   In answer to Paragraph 14, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis, denies each and every allegation contained in Paragraph 14.

15.   In answer to Paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis, denies each and every allegation contained in Paragraph 15.

///

16. In answer to Paragraph 16 of the Complaint, the allegations in Paragraph 16 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 16 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 16.

17. In answer to Paragraph 17 of the Complaint, Defendant denies each and every allegation contained in Paragraph 17.

18. In answer to Paragraph 18 of the Complaint, Defendant admits Plaintiffs are unrepresented employees. With respect to the remaining allegations in Paragraph 18, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis, denies each and every allegation contained in Paragraph 18.

19. In answer to Paragraph 19 of the Complaint, Defendant admits the allegations in Paragraph 19.

20. In answer to Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and on that basis, denies each and every allegation contained in Paragraph 20.

21. In answer to Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and on that basis, denies each and every allegation contained in Paragraph 21.

22. In answer to Paragraph 22 of the Complaint, the allegations in Paragraph 22 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 22 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 22.

23. In answer to Paragraph 23 of the Complaint, the allegations in Paragraph 23 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 23 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 23.

///

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

24. In answer to Paragraph 24 of the Complaint, the allegations in Paragraph 24 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 24 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 24.

25. In answer to Paragraph 25 of the Complaint, the allegations in Paragraph 25 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 25 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 25.

26. In answer to Paragraph 26 of the Complaint, the allegations in Paragraph 26 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 26 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 26.

27. In answer to Paragraph 27 of the Complaint, the allegations in Paragraph 27 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 27 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 27.

28. In answer to Paragraph 28 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis, denies each and every allegation contained in Paragraph 28.

29. In answer to Paragraph 29 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 and on that basis, denies each and every allegation contained in Paragraph 29.

30. In answer to Paragraph 30 of the Complaint, the allegations in Paragraph 30 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 30 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 30.

31. In answer to Paragraph 31 of the Complaint, the allegations in Paragraph 31are legal argument and/or statement of law to which no response is required. To the extent Paragraph

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

31 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 31.

## VI.  FIRST COUNT

**(Fair Labor Standards Act – Failure to Pay All Overtime Compensation Earned)**

32. In answer to Paragraph 32 of the Complaint, Defendant hereby incorporates by reference Paragraphs 1 through 31 of this Answer, inclusive, as though fully set forth herein, and similarly denies each and every allegations that was denied herein.

33. In answer to Paragraph 33 of the Complaint, the allegations in Paragraph 33 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 33 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 33.

34. In answer to Paragraph 34 of the Complaint, the allegations in Paragraph 34 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 34 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 34.

35. In answer to Paragraph 35 of the Complaint, the allegations in Paragraph 35 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 35 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 35.

36. In answer to Paragraph 36 of the Complaint, the allegations in Paragraph 36 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 36 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 36.

37. In answer to Paragraph 37 of the Complaint, the allegations in Paragraph 37 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 37 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 37.

///

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

12568025.1 TU020-094

Defendant County's Answer to Plaintiffs' Complaint

38. In answer to Paragraph 38 of the Complaint, the allegations in Paragraph 38 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 38 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 38.

39. In answer to Paragraph 39 of the Complaint, the allegations in Paragraph 39 are legal argument and/or statement of law to which no response is required. To the extent Paragraph 39 contains factual allegations, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 39 and denies that Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE
### (White Collar and Other Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the FLSA under the highly compensated employee, administrative, professional, and executive exemption, pursuant to 29 U.S.C. section 213(a)(1).

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs have failed to state any claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant acted in good faith and had reasonable grounds for believing its conduct was in compliance with the Fair Labor Standards Act, thereby precluding any award of liquidated damages to Plaintiff, pursuant to 29 U.S.C. section 260.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to, at most, a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Time)

Defendant is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis.*

## SIXTH AFFIRMATIVE DEFENSE

### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant adopted policies in conformity with and in reliance on written administrative interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. section 259.

## SEVENTH AFFIRMATIVE DEFENSE

### (Relief from Liability for Preliminary and/or Postliminary Activities)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (Restriction on Activities Compensable under Contract or Custom)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. sections 254(b) through (c).

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the COMPLAINT, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

Defendant is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Actual/Constructive Knowledge)

Defendant lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

///

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Suffer/Permit)**

Defendant did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

Plaintiffs' claims are barred because each cause of action, as pled, is uncertain.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Special Detail Exclusion)**

Plaintiffs are barred from recovery to the extent Plaintiffs spent time performing work as part of a special detail for an outside employer pursuant to 29 U.S.C. section 207(p)(1).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs lack standing to bring suit against Defendant for the claims alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Not Similarly Situated)**

This action is not appropriate for collective action treatment because the members of the proposed collective action are not similarly situated.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Commonality)**

This action is not appropriate for collective action treatment because the claims of the allegedly similarly situated employees lack commonality and will require individualized determinations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Inadequate Representative)**

This action is not appropriate for collective action treatment because the named plaintiff in this action is not an adequate representative of those he purports to represent.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Partial Exemption from Overtime)**

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to the partial overtime exemption set forth in 29 U.S.C. section 207(k) for fire personnel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Government Claim)**

Plaintiffs' claims are barred for failure to comply with California's Government Claims Act.

**PRAYER**

**WHEREFORE,** Defendant prays as follows:

1. That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated:  September 9, 2024                LIEBERT CASSIDY WHITMORE


By:   */s/ Michael D. Youril*
          Lisa S. Charbonneau
          Michael D. Youril
          Anthony Co
          Attorneys for Defendant COUNTY OF TULARE