**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD DOYLE, et al., | Case No. 1:24-cv-00936 JLT SKO |
| Plaintiffs, | ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL |
| v. | |
| COUNTY OF TULARE, | (Doc. 24) |
| Defendant. | |

The parties move jointly to approve their agreement to settle this action under the Fair Labor Standards Act (FLSA).  (Doc. 24.)  The motion is **GRANTED** as explained below.

The plaintiffs are ten Fire Battalion Chiefs with the Tulare County Fire Department.  They filed their complaint in this action in August 2024, asserting a single claim under the FLSA.  (Doc. 1.)  They allege the County has not paid them the overtime compensation they have earned.  They allege it classified them incorrectly as exempt workers and paid them flat stipends rather than proper overtime wages calculated on an hourly basis, among other related allegations.  (*Id.* ¶¶ 9–16.)  The County answered the complaint (Doc. 5) and maintains in response to the plaintiffs' allegations that it properly classified them as exempt under the FLSA and has paid all wages due; it also raises a number of other defenses, such as the statute of limitations and its good faith (*see, e.g.*, Doc. 24-3 ¶¶ 5–13).

1

The Court issued a pretrial scheduling order (Doc. 10) and extended the deadlines for discovery and pretrial motions based on the parties' joint requests and their statements that they were cooperatively attempting to complete discovery and negotiate a settlement agreement (Docs. 16, 21.)  The parties gave notice in January of this year that they had in fact reached a settlement agreement (Doc. 22), which they now ask the Court to approve (Doc. 24).  Under the terms of the parties' agreement:

- They agree the Court should certify an FLSA collective action for purposes of settlement.  The collective would be made up of the plaintiffs joined in this action, who are all of the current and former battalion chiefs who worked overtime during the relevant period. (*Id.* at 10.)

- The County will pay the individual plaintiffs $937,128.38.  (*Id.* at 11.)  This sum includes both compensation for unpaid overtime and liquidated damages.  (*Id.*)  These funds will be distributed according to a specific and agreed schedule.  (Doc. 24-3 at 29.)

- In addition to these payments, the County will pay $312,376.12 to the plaintiffs' counsel as an award of attorneys' fees, and it will pay $495.50 to cover the plaintiffs' costs.  (Doc. 24 at 11.)

- The plaintiffs will release all overtime claims against the County under any legal theory relating to or arising under the FLSA in this action.  (*Id.*)

The plaintiffs had an opportunity to consult with their attorneys before signing the agreement, and each plaintiff has signed it, as has the Chair of the Tulare County Board of Supervisors.  (Doc. 24-3 at 17–27.)

"Under the FLSA, 'workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are similarly situated, and (3) affirmatively opt in to the joint litigation, in writing.'" *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 682–83 (9th Cir. 2025), *cert. denied*, No. 25-534, 2026 WL 490496 (U.S. Feb. 23, 2026) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018)).  "[T]he FLSA does not establish a process for evaluating the propriety of the collective mechanism," nor "does it provide a definition of

2

'similarly situated.'" *Campbell*, 903 F.3d at 1108. In the absence of any specific directives, "the proper means of managing a collective action . . . is largely a question of case management and thus a subject of substantial judicial discretion." *Harrington*, 142 F.4th at 684 (quoting *Campbell*, 903 F.3d at 1110). And as for whether workers are "similarly situated," the Ninth Circuit has held that plaintiffs "may proceed in a collective[] to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. In this case, given the parties' settlement agreement, their joint identification of several common issues of law and fact, and the decision by all relevant battalion chiefs to join in this case as plaintiffs, the Court finds (1) that no further procedures are necessary and (2) that the plaintiffs may litigate jointly in a "collective" under the FLSA.

"[C]laims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). When the parties request a district court's approval of their proposed agreement, courts within the Ninth Circuit have normally considered first whether there was a "bona fide dispute." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (citation and quotation marks omitted). "If there is no question that the FLSA entitles plaintiffs to the compensation they seek, then a court will not approve a settlement because to do so would allow the employer to avoid the full cost of complying with the statute." *Selk*, 159 F. Supp. 3d at 1172. There must accordingly be "some doubt that the plaintiffs would succeed on the merits." *Id.* (alteration omitted) (quoting *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 719–20 (E.D. La. 2008)). If there is a bona fide dispute, district courts have normally then considered a variety of factors to decide whether the proposed settlement is "fair and reasonable," such as the range of possible recoveries, the stage of the proceedings, the litigation risks, the scope of the release, the views of counsel, the opinions of the participating plaintiffs, the possibility of fraud or collusion, the proposed fee and cost awards, and the case's broader context or unique circumstances. *See, e.g.*, *Kerzich v. County of Tuolumne*, 335 F. Supp. 3d 1179, 1184–85 (E.D. Cal. 2018).

The parties' joint motion in this case identifies several bona fide disputes. They disagree

3

first whether the plaintiffs are exempt from the FLSA. (Doc. 24 at 14–16.) They cite cases showing that "courts have reached differing conclusions" in a variety of roughly similar cases and that the necessary inquiry can be difficult and factually intensive. (*Id.*) The parties also disagree whether the County could rely on a statutory exception, which would permit it to use a different overtime calculation than the one the plaintiffs propose. (*See id.* at 16.) Here again both sides have marshalled supporting authority. (*See id.*) They also identify several other narrower and equally contest issues, such as the statute of limitations and federal regulations about fluctuating workweeks. (*See id.* at 18–19.)

Finally, the Court finds the settlement agreement is fair and reasonable. It represents a true compromise (*see id.* at 23), was negotiated with the benefit of significant discovery (*see id.* at 22), permits the plaintiffs to obtain a substantial recovery without the need for an expensive and risky trial (*id.* at 22–24), and is limited in scope (*id.* at 24). Although the parties have agreed to an attorneys' fee that represents a significant markup over the so-called "lodestar" award (with an equivalent multiplier of 1.6), that award is within the bounds of what courts have commonly approved as reasonable, as it represents 25% of the total settlement amount. (*See id.* at 25–30).

Thus, the Court **ORDERS** as follows:

1. This action will proceed as an FLSA collective for purposes of settlement.

2. The Court **APPROVES** the proposed settlement agreement (Doc. 24-3) as a fair and reasonable resolution of a bona fide dispute and grants the joint motion (Doc. 24).

3. The Court **ORDERS** the parties to fully abide by and perform the settlement agreement in accordance with its terms.

4. The Court **RETAINS JURISDICTION** over this action for the purposes of enforcing the settlement agreement only.

5. This Court **CONFIRMS**, as the parties' request, (a) that it has made no findings or determinations regarding the law and (b) that the joint motion, exhibits, and other filings prepared in conjunction with the joint motion do not constitute evidence or admission of any violation of the law.

6.  This action is **DISMISSED WITH PREJUDICE**.

7.  The Clerk's Office is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

_____
UNITED STATES DISTRICT JUDGE

5